UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES OLIVER YOUNG,

           Plaintiff,

   v.

MONROE COUNTY, SHERIFF TODD BAXTER,
UNDERSHERIFF KOREY BROWN,
JAIL SUPERINTENDENT MATT VANDUZEE,
CAPTAINS (JOHN DOE 1), MAJORS (JOHN DOE 2),
LIEUTENANTS (JOHN DOE 3), SERGEANTS
(JOHN DOE 4), CORPORALS (JOHN DOE 5),
DEPUTIES (JOHN DOE 6), MAILROOM STAFF
(JOHN DOE 7), and JAIL ATTORNEY KIM HINCKLEY,

           Defendants.[1]

_____

**AMENDED\* DECISION AND ORDER**

6:20-CV-06640 EAW

## INTRODUCTION

*Pro se* plaintiff James Oliver Young ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against Monroe County, Sheriff Todd Baxter, Undersheriff Korey Brown, Jail Superintendent Matt Vanduzee, John Does 1-7, and Jail Attorney Kim Hinckley (collectively, "Defendants"). (*See* Dkt. 11). Plaintiff alleges that Defendants, through an official policy or custom, deprived him of access to counsel in violation of the Sixth Amendment. (*See id.* at 7-8).

---

\*    The Court has amended this Decision and Order to correct a typographical error that originally appeared on the final page.

[1]    The Clerk of Court is directed to amend the caption as it appears above.

- 1 -

Presently before the Court is Plaintiff's motion for partial summary judgment (Dkt. 88), as well as Defendants' cross-motion for summary judgment (Dkt. 96). Because Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court *sua sponte* dismisses the case without prejudice. The pending motions are denied.

## FACTUAL BACKGROUND

The following facts are taken from Defendants' and Plaintiff's Rule 56 statements (Dkt. 96-1; Dkt. 98-1), as well as the exhibits submitted by the parties. Unless otherwise noted, these facts are undisputed.

Between April 2020 and January 2023, Plaintiff was a pre-trial detainee housed at the Monroe County Jail ("MCJ"). (Dkt. 96-1 at ¶ 1; Dkt. 98-1 at ¶ 1). Plaintiff met with counsel in his federal criminal case several times during his time at the MCJ. (Dkt. 96-1 at ¶ 5; *see* Dkt. 96-6 at 147-48, 175). Those meetings "took place in a no-contact meeting [booth] where [Plaintiff] would talk on a phone receiver [to counsel] through a window, and [that] w[as] separated from other [no-contact meeting] booths by plexiglass walls." (Dkt. 96-1 at ¶ 4; *see* Dkt. 98-1 at ¶ 4). But those meetings were not entirely private, as MCJ deputies patrolled the public meeting area in which the booths were located. (Dkt. 96-1 at ¶¶ 7-9; *see* Dkt. 98-1 at ¶¶ 4, 9).

Plaintiff could speak with his attorney by phone and by tablet as well. (*See* Dkt. 96-1 at ¶¶ 11-12; Dkt. 98-1 at ¶ 12; *see also* Dkt. 96-6 at 147-48, 150-60). But incoming calls from Plaintiff's attorney were routed to a single phone shared by the entire MCJ population and subject to an initial 15-minute time limit. (*See* Dkt. 96-1 at ¶ 10; Dkt. 98-1 at ¶¶ 11-12). Plaintiff also could call out to his attorney using a phone located in his residence area,

but those calls were subject to the same initial 15-minute time limit.  (*See* Dkt. 96-1 at ¶ 12; Dkt. 98-1 at ¶ 11).  And while Plaintiff could call out to his attorney using an assigned tablet, he experienced technical difficulties doing so several times.  (*See* Dkt. 96-1 at ¶ 12; Dkt. 98-1 at ¶¶ 11-12; *see also* Dkt. 96-6 at 162, 207-08).

## PROCEDURAL BACKGROUND

Plaintiff filed his complaint on August 26, 2020.  (Dkt. 1).  Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP").  (Dkt. 2).  The Court denied Plaintiff's motion to proceed IFP (Dkt. 3) and administratively terminated the case on September 25, 2020 (Dkt. 4).  Plaintiff filed a second motion for leave to proceed IFP (Dkt. 5), as well as an amended complaint (Dkt. 8).  The Court granted Plaintiff leave to proceed IFP, screened his complaint, and granted him leave to file a second amended complaint.  (*See* Dkt. 10).

On May 13, 2021, Plaintiff filed a second amended complaint, alleging interference with mail, access to courts, and access to counsel claims.  (*See* Dkt. 11).[2]  Upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court dismissed Plaintiff's interference with mail and access to courts claims with prejudice, but allowed his access to counsel claims to proceed to service.  (Dkt. 16).

Following discovery, Plaintiff moved for partial summary judgment on October 10, 2023. (Dkt. 88).  Defendants responded to Plaintiff's motion (Dkt. 95), and they also cross-

---

[2]    On January 3, 2022, Plaintiff submitted another filing that was identical to pages 1 through 12 of the second amended complaint, except that pages 7 and 8 were inadvertently flipped.  (*See* Dkt. 13).  As previously stated in the order dated April 12, 2022, the Court construes Plaintiff's filing at Docket 13 to be a partial courtesy copy and the filing at Docket 11 to be the second amended complaint.  (*See* Dkt. 16 at 1 n.1).

moved for summary judgment (Dkt. 96). Plaintiff responded to Defendants' cross-motion (*see* Dkt. 98),[3] and Defendants filed a reply (Dkt. 100).[4]

## DISCUSSION

### I.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the

---

[3]   Although docketed as a cross-motion for summary judgment, the Court construes Plaintiff's filing at Docket 98 as a response to Defendants' cross-motion for summary judgment.

[4]   On January 16, 2024, Defendants submitted an additional Rule 56 statement (Dkt. 102), in which they responded to the "Conclusion of Undisputed Facts" found at the end of Plaintiff's memorandum of law (*see* Dkt. 98-2 at 17-20). Because Plaintiff's filing at Docket 98 is not a separate motion, the Court need not consider Defendants' filing at Docket 102.

non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal quotation marks and citation omitted). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphases in original).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (italics in original) (internal quotation marks and citation omitted). Despite this liberal approach, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II. Analysis

Plaintiff argues that he is entitled to summary judgment because Defendants employed three policies or customs at the MCJ that violated his Sixth Amendment right to counsel. (*See* Dkt. 88 at 2-12).[5] Those policies were: (1) the initial 15-minute time limit for attorney calls; (2) the routing of all incoming attorney calls to a singular phone shared by the entire MCJ population; and (3) the use of the Securus phone system to facilitate outgoing calls from the incarcerated individuals' tablets. (*See id.* at 2-3).

Defendants make several arguments for summary judgment in their favor. (*See* Dkt. 96-5 at 3-10). First, they argue that Plaintiff failed to exhaust his administrative remedies. (*See id.* at 3-5).[6] Second, they argue that Plaintiff had reasonable access to his attorney while housed at the MCJ. (*See id.* at 5-7). Third, they argue that Plaintiff has failed to allege or show the personal involvement of any individual defendant in the alleged constitutional violations. (*See id.* at 7-8). Fourth, they argue that the individual defendants

---

[5] Plaintiff also seeks summary judgment on his interference with mail claims that were previously dismissed by the Court with prejudice. (*See* Dkt. 88 at 6-10). Plaintiff's motion for partial summary judgment with respect to those claims therefore is denied. *See, e.g.*, *Smith v. Sullivan*, No. 9:20-CV-659 (DNH/CFH), 2023 WL 3727447, at *3 (N.D.N.Y. May 3, 2023) ("[W]hen a court has previously dismissed certain claims, [it] will not consider those claims at the summary judgment stage." (also collecting cases)), *adopted*, 2023 WL 3722137 (N.D.N.Y. May 30, 2023).

[6] If the Court reached the issue of administrative exhaustion, it would deny Defendants' motion on that ground because while submitting the MCJ's inmate handbook from 2015 and 2022, Defendants failed to provide a copy of the 2020 handbook or its grievance procedures, and the Court cannot infer the grievance procedures in effect during the entire duration of Plaintiff's stay at the MCJ. Defendants must establish those procedures, and the gap in their evidence submitted in support of summary judgment does not meet that burden.

are entitled to qualified immunity. (*See id.* at 8-9). Fifth and finally, Defendants argue that the claims against Monroe County and Sheriff Baxter in his official capacity must be dismissed because Plaintiff has not established that the any of the challenged policies violated his constitutional rights. (*See id.* at 9-10).

While not raised by either party, Plaintiff's access to counsel claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis omitted). In other words, if "a judgment in favor of the plaintiff [in the § 1983 action] would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The *Heck* bar applies to both state and federal criminal convictions, *see Poventud v. City of New York*, 750 F.3d 121, 124 (2d Cir. 2014), and it is jurisdictional, *see, e.g.*, *Benjamin v. United States*, No. 6:23-CV-06512 EAW, ___ F. Supp. 3d ___, 2024 WL 3821726, at *2-4 (W.D.N.Y. Aug. 15, 2024).

Plaintiff's access to counsel claims are barred by *Heck* because success on those claims would necessarily implicate the validity of his conviction in *United States v. Young*,

No. 6:21-cr-06025-FPG-MJP, Dkt. 156 (W.D.N.Y. April 28, 2023). Plaintiff was charged in federal court on April 21, 2020, *id*. at Dkt. 1, and sentenced on April 28, 2023, to 444 months in prison, *id*. at Dkt. 156, after being convicted by a jury on March 23, 2022, of several charges involving enticement of a minor and child pornography, *id*. at Dkt. 109. Plaintiff testified at his deposition to issues he had concerning access to and communications with his counsel in his federal criminal case. (*See, e.g.*, Dkt. 96-6 at 171-74 (Plaintiff's testimony that his visits with counsel in his federal criminal case, Matt Lembke, Esq., violated his right of access)).[7] A finding that MCJ's policies with respect to inmate access to their attorneys between 2020 and 2023 deprived Plaintiff of effective assistance of counsel, would necessarily implicate the validity of his federal criminal conviction. *See D.S. v. City of New York*, 736 F. App'x 284, 287 (2d Cir. 2018) ("[A]sserting that D.S. was . . . denied effective counsel in violation of constitutional rights advanced under § 1983 necessarily implies that his assault conviction was unlawfully obtained."); *Zarro v. Spitzer*, 274 F. App'x 31, 34-35 (2d Cir. 2008) ("[A] ruling in

---

[7] During his deposition testimony Plaintiff also asserted he was denied access to his counsel for related charges brought against him in state court. (*See* Dkt. 96-6 at 171-74 (indicating that he was represented on the state charges by Mr. Lembke and another attorney, Matt Rich)). Plaintiff was convicted in Monroe County Court of state felonies related to the same offense involved in the federal court criminal proceeding, and sentenced in March 2022, to 25 years to life in prison. *See United States v. Young*, No. 6:21-cr-06025-FPG-MJP, Dkt. 156 at 2 (April 28, 2023) (running federal sentence concurrent to sentence imposed in Monroe County Court). Plaintiff has apparently pursued an appeal of that conviction with the Appellate Division, Fourth Department. *See Young v. Monroe County et al.*, No. 6:20-cv-06931-EAW, Dkt. 10 (Sept. 11, 2023). There have been no decisions issued from the Fourth Department concerning that appeal, and there is no information before the Court suggesting that the state charges or any convictions resulting therefrom were reversed, expunged, or declared invalid.

Plaintiff's favor as to Counts 2 and 7, which raise questions about Plaintiff's Sixth Amendment right to counsel . . . would also implicate the validity of his conviction."). The fact that Plaintiff had not yet been convicted when he filed this action does not change the conclusion. *See Smalls v. Collins*, 10 F.4th 117, 137 (2d Cir. 2021) (discussing the Supreme Court's extension of *Heck* to ongoing criminal proceedings), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36, 49 (2022); *Rech v. Siragusa*, No. 6:23-CV-6039 EAW, 2023 WL 2559409, at *8 (W.D.N.Y. Mar. 3, 2023). Nor does the Court's decision to raise the *Heck* issue *sua sponte*. *See, e.g.*, *Zarro*, 274 F. App'x at 34-35 (affirming the district court's *sua sponte* dismissal of the plaintiff's Sixth Amendment claims as *Heck*-barred); *Harris v. Ammerman*, No. 19-CV-1569V(F), 2022 WL 1516709, at *5 (W.D.N.Y. Mar. 18, 2022) (concluding that the plaintiff's claims were barred by *Heck*, and therefore the court lacked subject matter jurisdiction to consider them), *adopted*, 2022 WL 1134482 (W.D.N.Y. Apr. 18, 2022); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

For that reason, Plaintiff's access to counsel claims must be dismissed without prejudice under *Heck*. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds, however, warrants only dismissal *without* prejudice . . . ." (emphasis in original)). If Plaintiff wishes to pursue his claims, he must first demonstrate that his conviction or sentence has been reversed, expunged, or otherwise invalidated. He has not done so at this juncture. As such, the Court *sua sponte* dismisses the case based on *Heck*, and the pending motions are denied as moot.

## CONCLUSION

For the reasons set forth above, the Court *sua sponte* dismisses Plaintiff's claims without prejudice. Plaintiff's motion for partial summary judgment (Dkt. 88) and Defendants' cross-motion for summary judgment (Dkt. 96) are denied as moot. The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any request to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   September 25, 2024
         Rochester, New York